# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-02410-SVW-AJW | Date | September 26, 2017 |
|---|---|---|---|
| Title | *Lois O Brien v. Athena Medical Group Inc. Defined Contribution Pension Plan Number 3* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REGARDING MOTION TO REMAND [29]

Potential Defendant Athena Pension Plan Number 3 has removed this action from state court. Pending before the Court is Plaintiff Lois O'Brien's Motion for Remand, similar to the previous motions the Central District of California already granted. (Dkt. No. 29). After considering this Court's prior holdings and the papers filed in support of the instant motion, the Court GRANTS Plaintiff's Motion to Remand and orders Athena Pension Plan Number 3 to SHOW CAUSE why the Court should not grant Plaintiff's Motion for Attorney's Fees.

### I. Legal Standard

Where a case has been removed, the federal court may remand for lack of subject-matter jurisdiction at *any time* before final judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject-matter jurisdiction. *See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). A "strong presumption" against removal jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.2d 1115, 1117 (9th Cir. 2004).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the rule, "federal jurisdiction exists only when a federal

_____ : _____

Initials of Preparer

PMC

---
**CIVIL MINUTES - GENERAL**                                         Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-02410-SVW-AJW | Date | September 26, 2017 |
|---|---|---|---|
| Title | *Lois O Brien v. Athena Medical Group Inc. Defined Contribution Pension Plan Number 3* | | |

question is presented on the face of a plaintiff's properly pleaded complaint." *Id.* at 392. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). If it is unclear, the party seeking removal has not met its burden and the Court must remand the case.

II. **Analysis**

The party seeking removal, Claimant Athena Pension Plan 3, has not met its burden. The Court need not consider the two prior instances in which this case was before this Court in order to reach this conclusion.

Under 28 U.S.C. § 1441(a), only a defendant may remove an action to federal court. Claimant is not a defendant here. The only defendant named in the petition for dissolution was Exley. Dkt. No. 30-2. Claimant's recent "Notice of Appearance and Response of Employee Benefit Plan" affirms this understanding of the case. Claimant has failed to show that this particular plan, Plan 3, was even a party to the case that was closed in state court. Claimant argues that it joined the case as a Defendant in March of 2017; however, Claimant does not provide this Court with any proof that Claimant's joinder was approved by the lower court. The burden is on the Claimant to show proper joinder, especially considering Plaintiff's response that Claimant's notice of joinder occurred after the judgment in the state court action was deemed final.

Even if Claimant was a valid defendant in this case, it still would not be able to seek removal based on its ERISA claims because counterclaims do not give rise to federal jurisdiction. *See Stanislaus Farm Supply v. Brady*, No. 09-CV-01413-OWW-DLB, 2009 U.S. Dist. LEXIS 109734, *4 (E.D. Cal. 2009), *citing Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-832 n. 2 (2002) ("A counterclaim cannot supply the basis for § 1331 'arising under' jurisdiction and support removal to federal court. This remains true even if the counterclaim is completely preempted by federal law"); *CUNA Mut. Life Ins. Co. v. Norwood*, No. CV06-5353, 2006 U.S. Dist. LEXIS 56230, *4 (W.D. Wash. 2006) (the claims alleged in the complaint, not defendant's counterclaims under ERISA, govern the removability of a case).

Claimant responds that under 29 U.S.C. § 1332(e), "...the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary or any person referred to in section 1021(f)(1) of this title." 29 U.S.C. §

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-02410-SVW-AJW | Date | September 26, 2017 |
|---|---|---|---|
| Title | *Lois O Brien v. Athena Medical Group Inc. Defined Contribution Pension Plan Number 3* | | |

1332(e). However, this section does not apply to Claimant, an alleged ERISA plan. Under Ninth Circuit law, a potential ERISA plan is not a participant, beneficiary, or fiduciary. *See, e.g., International Longshore & Warehouse Union-Pacific Maritime Ass'n Welfare Plan Bd.,* No. C 11-01215 WHA, 2011 U.S. Dist. LEXIS 102233, *10-11 (N.D. Cal. 2011) ("Section 502(a)(3) [29 U.S.C. § 1332(a)(3)] states that a participant, beneficiary, or fiduciary has standing to enforce any ERISA provisions. Federal courts do not have jurisdiction to hear a civil action under ERISA that is brought by someone other than a **participant, beneficiary, or fiduciary**. Because the plan does not fit within any of these categories, . . . subject matter [jurisdiction] does not exist . . ."); *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 983-984 (9th Cir. 1999) (An "ERISA plan itself does not have standing to sue under § 502(a) of ERISA [29 U.S.C. § 1332(a)] because it is not a plan participant, beneficiary or fiduciary. . . . Accordingly, subject matter [jurisdiction] does not exist under ERISA over this action"); *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 917 (9th Cir. 1997) (The "Plan itself does not have standing to sue under 29 U.S.C. § 1132(a), which limits eligibility for civil enforcement of ERISA to ERISA plan participants, beneficiaries and fiduciaries, and the Secretary of Labor"). Thus, 29 U.S.C. § 1332(e) does not sustain Claimant's removal and the Court GRANTS the motion to remand.

### III. Attorney's Fees

Based on the decision above, the Court orders Claimant to SHOW CAUSE why the Court should not grant attorney's fees and costs incurred from the wrongful removal of this action. This same case was removed from state court once before and this Court remanded the case on similar grounds. *Exley, et al. v. O'Brien, et al.*, Case No. 2:13-cv-02552-MMM-PJW (2013). Local Rule 11-9 gives the Court discretion to subject the offending party or counsel to sanctions from the filing of a motion that is frivolous. Claimant must show cause within 10 days. No hearing is scheduled for this order.

### IV. Conclusion

Defendants have failed to carry the burden of establishing that removal is proper, as the Notice of Removal does not state a federal question raised by the complaint and the claimant does not have standing to remove the case. The Court hereby REMANDS the case to Los Angeles County Superior Court and ORDERS Claimant to SHOW CAUSE in 10 days.

IT IS SO ORDERED.

:

Initials of Preparer

PMC